BRUCE G. FAGEL, State Bar No. 103674
BRONISLAV M. DRAGANOV, State Bar No. 119695
Law Offices of Bruce G. Fagel
& Associates
100 North Crescent Drive, Suite 360
Beverly Hills, California 90210
Telephone: (310) 281-8700
Facsimile: (310) 281-5656
Email: BruceFagel@fagellaw.com
Attorneys for Plaintiff

FILED

14 OCT -1 PM 3:19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ GONZALEZ, an incapacitated person, by and through her conservator, FRANCISCO J. GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 13cv0861 LAB (WVG)<br><br>***REPORT AND RECOMMENDATIONS REGARDING THIRD AMENDED PETITION APPROVING SETTLEMENT ON BEHALF OF LUZ GONZALEZ, AN INCAPACITATED PERSON***<br><br>DEPT: 2A - MAGISTRATE JUDGE WILLIAM GALLO |

UPON review by this Honorable Court, as to the reasonableness of a settlement between the United States of America and Luz Gonzalez, an incapacitated person, by and through her Co-Conservators, Francisco Gonzalez and Maria Gonzalez, the following Report and Recommendations were made:

The complete and precise terms and conditions of the settlement are set forth in the Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (hereinafter "Stipulation") and the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust For The Benefit of Luz Maria Gonzalez, an incapacitated person (hereinafter "Reversionary Trust"), attached as Exhibits "A" and "B." The Court has

reviewed the Stipulation and the Reversionary Trust. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including approval of the settlement on behalf of Luz Gonzalez by this Court and the anticipated approval of annuities for her minor children by State Court Order. Further, this Court is aware of the necessity of the approval by the Attorney General of the United States. The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation and Reversionary Trust, are fair, reasonable, and in the best interests of Luz Gonzalez, an incapacitated person.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement, as set forth in Exhibits A and B, is hereby approved. IT IS FURTHER ORDERED that Francisco Gonzalez and Maria Gonzalez, as Co-Conservators of Luz Gonzalez, are authorized and required to sign the Stipulation, the Reversionary Trust, and any other documents that are necessary to consummate this settlement on behalf of Luz Gonzalez, and to provide any information and documentation necessary to complete the purchase of annuity contracts and the establishment of the Reversionary Trust.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the settlement amount of Five Million Seven Hundred Fifty Thousand Dollars ($5,750,000.00) (hereinafter "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation. With 25 percent of same ($951,811) paid to the Law Offices of Bruce G. Fagel and Associates as attorney's fees, the remainder of $2,855,433 shall be paid to the Reversionary Trust. With respect to the up-front cash portion of the settlement, it will be made payable pursuant to Paragraph 3.a(1) of the Stipulation, to be used to pay, <u>inter alia,</u> the attorney's fees, costs, and expenses herein approved and to pay any lien or claim for reimbursement.

The Court finds that the amount of $1,395,000 ($951,811 and $443,189) constitutes fair and reasonable attorney's fees in this action and does not exceed the statutory maximum of twenty-five percent allowed under the Federal Tort Claims Act (28 U.S.C. § 2678). The Court further finds that the costs and cost reserve associated with the litigation is $170,000, and that such costs and expenses are fair, reasonable, and necessary. Accordingly, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that such attorney's fees, costs, and expenses are

1 approved and are to be paid as provided in the Stipulation.

2 The Court finds that Plaintiff is legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers. The Court has been advised that Plaintiff and her counsel have represented that they have made a diligent search for any liens or any claims for payment or reimbursement, including any liens or claims by Medicaid or Medicare arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, and that after such search neither Plaintiff nor her counsel are aware of any such liens or claims for reimbursement or payment. In the event Plaintiff or her counsel become aware of any such lien or claim for reimbursement or payment, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff, by and through her attorney, shall satisfy or resolve such lien or claim for reimbursement or payment asserted by any individual or entity, including Medicaid and Medicare, arising from the subject matter of this action. The Court further Orders Plaintiff, by and through her attorney, to provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff, upon final execution of the Stipulation and the Reversionary Trust and upon receiving notice that the Upfront Cash check has been received by the attorney of record for the United States, shall cause her attorney to file with this Court a dismissal of this action in its entirety with prejudice, with each party bearing its own costs, expenses, and fees. Upon the filing of such dismissal, counsel for the United States shall take the appropriate measures for the Upfront Cash to be transmitted to Plaintiff's attorney's attorney client trust account. Subject to the terms and conditions set forth in Paragraph 3.a. of the Stipulation, Plaintiff's attorney shall distribute said Upfront Cash after paying or resolving any currently known lien or claim for reimbursement or payment for which Plaintiff has agreed to be legally responsible under the terms of the Stipulation.

//

//

3

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to the terms and conditions specified in the Stipulation, the Court shall not retain jurisdiction over the action against the United States or the settlement.

DATED: ~~September~~ October 1, 2014

UNITED STATES MAGISTRATE JUDGE

_____
WILLIAM GALLO